**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| MARILYN BROWN and ROBIN BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 08-1115-MLB |
| | ) | |
| AL SOULEK and SANDY SOULEK, | ) | |
| d/b/a AAA RENOVATIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants Al Soulek and Sandy Soulek d/b/a AAA Renovations, Inc.'s motion to dismiss. (Docs. 4, 5.) The motion has been fully briefed and is ripe for decision. (Docs. 8, 9.) The motion is GRANTED for the reasons stated more fully herein, however, plaintiffs will be permitted to amend their complaint.

**I. FACTS**

"On a Rule 12(b)(6) motion, a court's factual inquiry is limited to the well-pleaded facts in the complaint, which the court must assume are true for purposes of the motion." Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, 713 (10th Cir. 2005). Although it is true that when a "document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss," GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997), the parties have done more than submit materials referenced in the complaint.

Both parties have attached as exhibits materials to their briefs that are outside the complaint. The law is clear that if a court relies on facts outside the complaint, the court must give notice to the parties and convert the motion to dismiss into a motion for summary judgment before considering that outside material. Burnham, 403 F.3d at 713. However, because the court can rule on the motion to dismiss without relying on the additional materials, it can proceed. See GFF Corp., 130 F.3d at 1384 (stating that a motion to dismiss needs to be converted to a motion to summary judgment only when the court does not exclude, and relies on, the outside material).

Therefore, the court herein relates the facts as stated in plaintiffs' complaint and does not consider the facts alleged through the parties' outside materials.

On July 7, 2007, plaintiffs and defendants entered into a contract under which defendants agreed to provide, and plaintiffs agreed to pay for, construction of a single-family home in Greensburg, Kansas. The home was to replace the structure destroyed by the EF-5 tornado which hit Greensburg on May 4, 2007. Plaintiffs are Kansas residents and defendants are Oklahoma residents. AAA Renovations is a registered corporation in Oklahoma, and Al Soulek is the registered agent of AAA Renovations, Inc.

The written contract consisted of a form document and a two-page handwritten addendum containing specific building details. All three pages of the contract were signed/initialed by Al Soulek of AAA Renovations, Inc. The contract was supported by consideration in the form of three checks for $7000 each, totaling $21,000. The checks were delivered to Al Soulek at the contract signing on July 7, 2007.

The total contract price for the construction of the home was $197,000, and construction of the home was to be completed by approximately October 1, 2007. Payments of over $181,000 were made to Al and Sandy Soulek for labor and materials for the completion of the home. Sandy Soulek initialed wire transfers on behalf of Al Soulek and AAA Renovations, Inc. Sandy Soulek also provided financial account information to Marilyn Brown to facilitate the transfer of payments from the Browns to the Souleks and AAA Renovations, Inc. Sandy Soulek also endorsed a check from the Browns to AAA Renovations, Inc.

Construction was never completed on the Browns' home by defendants. Al and Sandy Soulek, AAA Renovations, Inc., and their subcontractors failed and refused to complete the work. Plaintiffs have purchased materials and procured hired and volunteer labor to complete the dwelling. Plaintiffs have attempted to communicate with defendants, but defendants have ignored or failed to respond to plaintiffs.

Plaintiffs filed suit against defendants on February 28, 2008, alleging breach of contract. The case was filed in Kiowa County, Kansas, district court, but removed to this federal court shortly thereafter. (Doc. 1.)

## II. ANALYSIS

The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d

767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp. 2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

Defendants, Al and Sandy Soulek, move for dismissal on three separate bases. They argue: 1) they are not parties to the agreement at issue and cannot be held responsible for the agreement's alleged breach; 2) plaintiffs have not alleged any formal relationship between the Souleks and AAA Renovations, Inc., other than a "d/b/a" designation, but also allege AAA Renovations, Inc. is a separate legal entity of Oklahoma, and therefore the d/b/a designation is not logical; and 3) plaintiffs have alleged no facts that would permit individuals to be held liable for the acts of a corporation. (Doc. 5 at 4-5.) Plaintiffs respond by arguing that the Souleks were the principal and sole owners of AAA Renovations, Inc. and that they received the funds from plaintiffs under the d/b/a, precluding dismissal of the action. (Doc. 8.)

-4-

"Under Kansas law, only the disclosed principal is liable on a contract executed by its agent with a third party; the agent of the disclosed principal is not liable on the contract." Mackey v. Burke, 751 F.2d 322, 325 (10th Cir. 1984) (citing cases). An agency relationship involving a disclosed principal is one where, at the time of the transaction with the agent, "the other party thereto has notice that the agent is acting for a principal and of the principal's identity." See Restatement (Second) of Agency § 4 (1957) (defining disclosed principal; same definition as Restatement (Third) of Agency § 1.04(2)(a) (2006)); Dimension Graphics, Inc. v. Liebowitz, 26 Kan. App. 2d 722, 724-25 (Kan. Ct. App. 1999) (utilizing definitions from section 4).

Plaintiffs allege no facts in their complaint which would suffice to hold defendants individually liable for the alleged breach of contract. In fact, it is clear from the complaint that plaintiffs knew that the business entity defendants were operating under was AAA Renovations, Inc. The fact that the Souleks signed checks or were personally involved in the financial interactions with plaintiffs is irrelevant. Plaintiffs clearly allege that the Souleks were acting as agents of AAA Renovations, Inc. Plaintiffs even acknowledge AAA Renovations, Inc.'s corporate structure--organized and registered as a corporation in Oklahoma. However, even though Kansas law requires the court to dismiss the Souleks as individual defendants, the action need not be dismissed. It is clear plaintiffs intended to pursue an action for breach of contract against AAA Renovations, Inc.

Plaintiffs could, as a matter of course, amend their pleading. Fed. R. Civ. P. 15 (a)(1)(A). Federal Rule of Civil Procedure

15(a)(1)(A) permits an amended complaint by the plaintiff, without necessitating leave of the court, before a responsive pleading is filed. A motion to dismiss is not a "responsive pleading." See Glenn v. First Nat. Bank in Grand Junction, 868 F.2d 368, 370 (10th Cir. 1989) (stating that a motion to dismiss is not a responsive pleading under Rule 15(a) and that even an order dismissing a plaintiff's complaint does not eliminate the plaintiff's right to amend under Rule 15(a); however, entry of final judgment based on a motion to dismiss would end that right); Hafen v. Carter, No. 07-4123, 2007 WL 2693853, at *2 (10th Cir. Sept. 10, 2007) (same); Larson v. Meek, No. 04-1169, 2007 WL 1705086, at *1 n.1 (10th Cir. June 14, 2007) (same).

In addition, Rule 15(a)(2) permits a party to amend its pleading with "the court's leave." The rule dictates that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he Supreme Court has emphasized that 'this mandate is to be heeded.' The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion." MomsWIN, LLC v. Lutes, 211 F.R.D. 650, 651 (D. Kan. 2002) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) and citing Woolsey v. Marion Labs, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991)). A court should deny leave to amend where:

> the court finds undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. The court may also refuse leave to amend where the movant has delayed in bringing the motion to amend, particularly when the movant provides no adequate explanation for the delay. In addition, the court may deny leave to amend if the movant knew

-6-

> or should have known of the facts upon which the
> proposed amendment is based but failed to include
> the allegations in its original pleading.

Id. at 652-53 (internal quotations and citations omitted).  None of these factors is present here.  No prejudice to AAA Renovations, Inc. would result--it is clear from the complaint that it has been on notice of the suit against it since it was initiated through service to its registered agent.  No bad faith of plaintiffs is present, no previous amendment has occurred, and amendment would not be futile. The amendment would occur very early in the case, and there is no delay.

In addition, the court wishes to ensure that cases are determined on their merits.  See Foman v. Davis, 371 U.S. 178, 181-82 (1962) (stating that it is "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities"); McBride v. CITGO Petro. Corp., 281 F.2d 1099, 1104 (10th Cir. 2002) (stating that "the Supreme Court held in Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988), . . . that the requirements of the rules of procedure should be liberally construed and that mere technicalities should not stand in the way of consideration of a case on it merits"); Fuhrer v. Fuhrer, 292 F.2d 140, 143 (6th Cir. 1961) ("The Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings.").

In order to reach the merits of this action, and for all the above stated reasons, plaintiffs will be permitted to amend their complaint to add AAA Renovations, Inc., the corporate defendant, to the case caption.  The individual defendants, the Souleks, will be

dismissed from this action, without prejudice, when the amended complaint is filed, unless the amended complaint also states viable claims against the Souleks, as individuals.  Plaintiffs are directed to file an amended complaint within fifteen days of the date of this order.

### III.  CONCLUSION

Defendants' motion to dismiss (Doc. 4) is GRANTED for the reasons stated more fully herein.

Plaintiffs shall filed their amended complaint, naming the proper corporate defendant, within fifteen days of the date of this order.

This matter is referred back to the magistrate judge for further management.

IT IS SO ORDERED.

Dated this __16th__ day of July, 2008, at Wichita, Kansas.

                                    s/Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE